FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2015 DEC 23  PM 3: 56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SYBAC SOLAR GMBH, A/K/A SYBAC
SOLAR GMBH, CO., F/K/A SYBAC
SOLAR, AG, F/K/A SYBAC SOLAR,
GMBH, a foreign company,

                Plaintiff,

vs.

Case No.: 6:15-cv-2171-Orl-18 DAB

SYBAC SOLAR, LLC, a Florida limited
liability company, SYBAC SOLAR
AMERICA, LLC, a Florida limited
liability company, ARTUR MADEJ,
ULRICH FALZ, THOMAS FALZ, and
MARKUS FALZ,

                Defendants.

_____/

## COMPLAINT

Plaintiff SYBAC SOLAR, GMBH A/K/A SYBAC SOLAR GMBH, CO. ("SYBAC

GERMANY"), by and through its undersigned counsel, hereby files this Complaint against

Defendants SYBAC SOLAR, LLC ("SYBAC FLORIDA"), SYBAC SOLAR AMERICA, LLC

("SYBAC AMERICA"), ARTUR MADEJ ("MR. MADEJ"), ULRICH FALZ, THOMAS FALZ

and MARKUS FALZ (collectively the "FALZES") and states the following:

## THE PARTIES, JURISDICTION, AND VENUE

1.      This is an action for equitable relief (including injunctive relief) and damages that

exceed $75,000.00, exclusive of any and all interest, costs, and attorneys' fees.

2.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051

et seq., including claims for false advertising in violation of § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a); trademark cancellation under § 14 of the Lanham Act, 15 U.S.C. § 1064; civil

liability for fraudulent registration in violation of § 38 of the Lanham Act, 15 U.S.C. § 1120; and common law fraud, fraudulent concealment, unjust enrichment, and civil conspiracy.

3.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1338, 1367(a) and the principles of pendent jurisdiction.

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and in this Division pursuant to Local Rule 1.02(c) of the United States District Court for the Middle District of Florida. The Defendants reside, are found, have agents, do or transact business or are otherwise found in the Middle District of Florida. Certain of the alleged unlawful acts alleged herein were performed or had effects in the Middle District of Florida.

5.  Plaintiff SYBAC GERMANY is an entity formed under German law with its principal place of business in Germany and is authorized to transact business in Florida.

6.  Defendant SYBAC FLORIDA is a Florida limited liability company with its principal place of business in Orange County, Florida.

7.  Defendant SYBAC AMERICA is a Florida limited liability company with its principal place of business in Orange County, Florida.

8.  Defendant ARTUR MADEJ is a resident of Orange County, Florida.

9.  Defendant ULRICH FALZ primarily resides in Germany and regularly conducts business in the state of Florida.

10.  Defendant THOMAS FALZ is a resident of Orange County, Florida.

11.  Defendant MARKUS FALZ is a resident of Orange County, Florida.

## SYBAC GERMANY'S BACKGROUND

12.  Since 2004, SYBAC GERMANY has been an industry leader in the global photovoltaics ("PV") market. PV consists of solar collector systems to convert solar radiation

2

into thermal and electric energy, and is more commonly known as "solar power" or "solar energy."

13.     Specifically, SYBAC GERMANY has developed an expertise in planning and constructing PV systems and has completed and sold over one thousand such systems throughout the world.  As a result of this success, SYBAC GERMANY enjoys a reputation as one of Europe's largest PV system developers.

14.     Additionally, as another positive result of its success, SYBAC GERMANY has established and maintained significant relationships with suppliers of PV components and has negotiated favorable terms and prices with these suppliers not generally available to many of its competitors, due to SYBAC GERMANY's reputation, and its large purchasing volume capabilities.

15.     In stark contrast to SYBAC GERMANY, prior to the business dealings with Plaintiff SYBAC GERMANY discussed below, *none* of the Defendants had any practical, technical, or business knowledge or experience in the PV industry.

16.     In light of this fact, knowledge of the relationships amongst the parties is critical to understanding the events that form the subject of this dispute.

17.     ULRICH FALZ is the father of MARKUS FALZ and THOMAS FALZ, and ARTUR MADEJ is a close friend of THOMAS FALZ.

18.     Additionally, in 2009, ULRICH FALZ was a social friend of Christian Rautenberg, a former executive of SYBAC GERMANY.

## THE PARTIES' INITIAL MEETING AND
## AN AGREEMENT ON A BUSINESS RELATIONSHIP

19.     In 2009, the PV industry was growing substantially in the United States, and ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ wished to join this

3

industry.

20.     At this same time, although SYBAC GERMANY had enjoyed tremendous success in various parts of the world, it had yet to penetrate the United States market.

21.     ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ saw a chance to capitalize on ULRICH FALZ's friendship with Christian Rautenberg, and possibly enter the United States PV industry.

22.     In July of 2009, ULRICH FALZ approached Christian Rautenberg about the possibility of the creation of a business relationship among SYBAC GERMANY, ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ, for the purpose of penetrating the United States PV market.

23.     SYBAC GERMANY was intrigued at the possibility, and, on August 31, 2009, ULRICH and THOMAS FALZ met with Christian Rautenberg at SYBAC GERMANY's headquarters in Kehrig, Germany to discuss.

24.     During this meeting, ULRICH and THOMAS FALZ presented their vision of the business relationship. The FALZES and MR. MADEJ would help close deals by navigating the American business customs and norms with which SYBAC GERMANY was unfamiliar, and SYBAC GERMANY would provide the necessary logistical and technological know-how for successfully completing PV projects.

25.     Following this meeting, it was agreed that the FALZES and MR. MADEJ, together with SYBAC GERMANY, would be SYBAC GERMANY's representative in the United States, and that the parties would work together to obtain and complete PV energy construction projects together in the United States. At the time the parties agreed to work together, precise terms of the arrangement were not yet established.

4

26.     Despite this fact, SYBAC GERMANY wished to get its U.S. presence established as quickly as possible.   Accordingly, SYBAC GERMANY expended significant time and resources to begin training MARKUS FALZ in the PV business.

27.     By way of example, and not limitation, MARKUS FALZ received training in project management, maintaining supplier relationships, identifying and developing quality leads, and transforming those leads into project commitments.

## SYBAC FLORIDA BEGINS OPERATIONS

28.     In furtherance of the parties' business relationship, ULRICH FALZ, on behalf of himself and THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ, then represented to SYBAC GERMANY that they would form SYBAC FLORIDA to act as the conduit to facilitate the parties' move into the United States PV market, and that SYBAC GERMANY would be a member of this new entity.

29.     On November 13, 2009, ARTUR MADEJ registered SYBAC FLORIDA with the Florida Department of State, Division of Corporations.   ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ were all identified as managing members.   SYBAC GERMANY was not.

30.     ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ then represented that SYBAC FLORIDA would be a subsidiary or "daughter" company of SYBAC GERMANY, and would otherwise be represented to the public as affiliated with SYBAC GERMANY.

31.     This affiliation allowed SYBAC FLORIDA to trade on SYBAC GERMANY's reputation, good will, and established business relationships with suppliers.

32.     Based on the promise and expectation of a fair business relationship, entered into

5

in good faith with the FALZES and MR. MADEJ, SYBAC GERMANY gave SYBAC FLORIDA and its principals full, unfettered access to SYBAC GERMANY's goodwill, technological knowledge, relationships with vendors and suppliers, management, pricing, proprietary information, equipment, and the services of its employees.

33.     Perhaps most importantly, SYBAC GERMANY allowed SYBAC FLORIDA to use its trademarks, as part of the intended business relationship.

34.     SYBAC GERMANY also agreed that as a member of SYBAC FLORIDA, it would make an initial capital contribution of $40,000.00.

35.     SYBAC GERMANY's reputation, good will, and involvement with SYBAC FLORIDA was *essential* to SYBAC FLORIDA's ability to enter into the United States PV market.

36.     Without these contributions, SYBAC FLORIDA would be completely unable to function.  Without SYBAC GERMANY, SYBAC FLORIDA would not be able to identify PV development opportunities or evaluate their potential; to produce technical designs of such projects; to manage the completion of these projects; and would be unable to obtain materials and equipment necessary for these projects.

37.     Without SYBAC GERMANY's contributions, SYBAC FLORIDA could not have procured and evaluated PV project development opportunities, could not have completed the technical design of the PV projects, could not have managed the completion of the PV projects, and could not have obtained materials and equipment from suppliers for the PV projects.

## SYBAC FLORIDA'S FIRST PROJECTS, AND CONTINUED REPRESENTATIONS OF THE PLAINTIFF'S MEMBERSHIP IN SYBAC FLORIDA

38.     Beginning in December 2009, SYBAC FLORIDA proposed and constructed its first two PV systems on two separate buildings owned or controlled by Doctor Josef Kleine in

Florida.

39.     In an effort to help SYBAC FLORIDA obtain and complete these projects, SYBAC GERMANY provided SYBAC FLORIDA with highly-skilled employees, technical assistance (including proprietary advanced engineering support), and introduced SYBAC FLORIDA to its network of vendors and suppliers for the purpose of obtaining equipment and materials.

40.     Additionally, SYBAC GERMANY's charges to SYBAC FLORIDA were limited to the cost of materials provided. SYBAC GERMANY did not mark up the cost of the materials, and did not charge SYBAC FLORIDA items such as technical design information, and labor.

41.     During the execution of these projects, SYBAC GERMANY used these projects as a chance to train ULRICH FALZ, ARTUR MADEJ, MARKUS FALZ, and third-party contractors in the construction and installation of PV systems, all at no cost to SYBAC FLORIDA.

42.     Following completion of these projects, on or about February 2, 2010, SYBAC GERMANY invoiced SYBAC FLORIDA €98,534.00, which represented SYBAC GERMANY's cost for materials provided. A true and correct copy of the invoice is attached hereto as Exhibit "1."

43.     At the time the invoice was sent, SYBAC GERMANY had not yet made its $40,000.00 capital contribution as a member of SYBAC FLORIDA.

44.     Upon receiving the invoice, ULRICH FALZ continued to represent that SYBAC GERMANY was a member of SYBAC FLORIDA, by suggesting that SYBAC FLORIDA pay SYBAC GERMANY's invoiced amount, minus $40,000.00, and that SYBAC FLORIDA would record $40,000.00 as SYBAC GERMANY's initial capital contribution.

45. On or about April 21, 2010, SYBAC FLORIDA paid €68,534.00 to SYBAC GERMANY. A true and correct copy of SYBAC GERMANY's records of SYBAC FLORIDA's wire transfer to SYBAC GERMANY is attached hereto as Exhibit "2." This amount represents the invoiced amount of €98,534.00 and SYBAC FLORIDA's payment of €68,534.00 resulted in a balance of €30,000.00 or just over $41,000.00 based upon the exchange rate in place as of that date.

46. Thereafter, ULRICH FALZ prepared a document titled "Guidance for Operating Agreement." This document continued the representation to SYBAC GERMANY that it was a member of SYBAC FLORIDA. A true and correct copy of this "Guidance for Operating Agreement" document is attached hereto as Exhibit "3."

47. In this document, ULRICH FALZ acknowledged in the Guidance for Operating Agreement that SYBAC GERMANY made a capital contribution of $40,000.00 to SYBAC FLORIDA.

48. The Guidance for Operating Agreement also represented that ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, ARTUR MADEJ, and SYBAC GERMANY each held 20% ownership in SYBAC FLORIDA.

## SYBAC GERMANY'S CONTINUED CONTRIBUTIONS TO SYBAC FLORIDA'S SUCCESSFUL ENTRY INTO THE UNITED STATES MARKET

49. After completion of the first two installations on Dr. Josef Kleine's properties, ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ, in various combination of time, location, and medium, continued to represent to SYBAC GERMANY that it was a 20% member of SYBAC FLORIDA.

50. Based upon these continued representations, SYBAC GERMANY authorized SYBAC FLORIDA to complete several other PV projects.

8

51.     Most significantly from 2010 to 2011, SYBAC FLORIDA completed a large PV system in Gainesville, Florida, the "6th Street Plant".

52.     SYBAC GERMANY was instrumental in SYBAC FLORIDA's pursuit and completion of all PV projects during September 2009 through December 2011, specifically:

a.     SYBAC GERMANY managed the engineering of the PV projects and provided the proprietary technical engineering drawings for the design of the PV projects;

b.     SYBAC GERMANY substantially assisted SYBAC FLORIDA in coordinating with civil engineers, architects, and government regulators;

c.     SYBAC GERMANY provided three employees, Markus Bierschbach, Robert Watkins, and Wolfgang Naarmann and consultant Arek Nowak to manage the construction of the PV projects;

d.     On September 29, 2010, at the request of SYBAC FLORIDA, SYBAC GERMANY provided at least one letter of credit to Gainesville Regional Utilities evidencing that SYBAC FLORIDA was backed with SYBAC GERMANY's resources to complete PV projects.  A true and correct copy of this letter is attached hereto as Exhibit "5";

e.     On or about November 15, 2010, SYBAC GERMANY shipped to SYBAC FLORIDA € 23,000 worth of specialized equipment needed for the installation of a large-scale ground-mounted PV system;

f.     Included in the November 2010 shipment was a Pile Driver, a specialized tool used in the installation of the tables on to which the solar panels are mounted;

g.     On or about December 20, 2010, MARKUS FALZ asked Robert Watkins

9

whether SYBAC FLORIDA could keep the Pile Driver.   Robert Watkins responded that SYBAC GERMANY had already paid approximately € 11,000.00 for the preparation of the solar panel mounting tables and that if SYBAC FLORIDA wanted to keep the Pile Driver, it had a total value of approximately € 20,000.00 to € 24,000.00;

h.      SYBAC FLORIDA never returned the Pile Driver and never paid for the Pile Driver;

i.      SYBAC GERMANY's purchasing manager, Daniel Leppin, coordinated with vendors and suppliers SYBAC FLORIDA's purchase of materials for the PV projects;

j.      SYBAC GERMANY substantially assisted SYBAC FLORIDA in evaluating potential PV projects in North Carolina, Gainesville, Florida, and Ontario Canada;

k.      SYBAC GERMANY allowed SYBAC FLORIDA to use its reputation and good will in negotiations with suppliers of PV components to obtain more favorable purchasing terms, in SYBAC FLORIDA's pursuit of potential PV projects with utility authorities and sellers, and in SYBAC FLORIDA's marketing of the completed PV parks to investors or purchasers;

l.      SYBAC GERMANY fully financed the construction of the 6th Street Project in the form of loans to the project company, 6th Street Solar Energy Park of Gainesville, LLC, a company owned and controlled by ULRICH FALZ, MARKUS FALZ, THOMAS FALZ and ARTUR MADEJ.

53.      SYBAC GERMANY's substantial and continuous contributions to SYBAC

10

FLORIDA were made based on the representations and acknowledgements that ULRICH FALZ, MARKUS FALZ, THOMAS FALZ and ARTUR MADEJ made that SYBAC GERMANY was a member of SYBAC FLORIDA and that SYBAC FLORIDA would serve solely as SYBAC GERMANY's representative in Florida.

## THE CONTINUED REPRESENTATIONS
## OF MEMBERSHIP IN SYBAC FLORIDA

54.     Between September 2010 and December 2011, ULRICH FALZ, MARKUS FALZ, and ARTUR MADEJ each made numerous representations that SYBAC GERMANY was a member of SYBAC FLORIDA.

55.     As for ULRICH FALZ, these representations include the following instances:

a.     On September 14, 2009, ULRICH FALZ in an email to Christian Rautenberg, with THOMAS FALZ and MARKUS FALZ copied, laid out a corporate structure for the parties' joint operation in the United States. ULRICH FALZ suggested a holding company be formed that would own multiple project or operation companies. In the email ULRICH FALZ asked Christian Rautenberg if he would like to hold shares of a company that would participate in the solar business. A true and correct copy of this email is attached hereto as Exhibit "6."

b.     On September 10, 2010, ULRICH FALZ forwarded an email sent to him by ARTUR MADEJ, with copies to MARKUS FALZ and ARTUR MADEJ, in which ARTUR MADEJ described how the 6th Street Project would be accomplished. In the forwarded email ARTUR MADEJ and ULRICH FALZ "[p]lease discuss this with Christian and lmk if his (sic) is OK with this. He may want to be a member of the LLC [6th Street Project Company] too but I think that would complictae (sic) matters at this stage. *We can always add him later just*

11

*like we did with Sybac Solar LLC*."   A true and correct copy of this email is attached hereto as Exhibit "7."

c.       ULRICH FALZ wrote to Christian Rautenberg in his forwarding email "Artur illustrated the course of action going forward.   Addressed there in particular is the handling of the shareholder loan.   Artur is using a different approach here from the one I had presented.   I back this approach."

d.       On January 27, 2011, Christian Rautenberg emailed ULRICH FALZ and MARKUS FALZ an agenda for his visit to Lakeland Florida on February 10 and 11, 2011.   Included in the Agenda was a section entitled "Shareholder Meeting for Sybac Solar LLC" with various topics planned for discussion.   A true and correct copy of this email and agenda in its original German version and in a version translated to English is attached hereto as composite Exhibit "8."

e.       On February 4, 2011, in response to Christian Rautenberg's email and Agenda, ULRICH FALZ responded that "[d]ue to formal reasons, we can't hold a shareholder meeting but we can nevertheless discuss and/clear up the majority of your items.   The reasons are: Thomas is unavailable both of those days.   It needs to be clarified who'll be the shareholders from your side.   Is it Sybac-Solar GmbH or you and Robert or? (sic)".   A true and correct copy of this response email in its original form of German and copy of the response email translated into English is attached hereto as Composite Exhibit "9."

f.       On February 10 and 11, 2011, in Lakeland Florida, ULRICH FALZ, in the presence of ARTUR MADEJ and MARKUS FALZ, stated to Christian Rautenberg that the operating agreements listing SYBAC GERMANY as a

member of SYBAC FLORIDA were being prepared by SYBAC FLORIDA's attorney but were not available because SYBAC FLORIDA's attorney's son had an illness.

g.      On or about May 24, 2011, at a meeting at SYBAC GERMANY's headquarters in Germany, ULRICH FALZ told Christian Rautenberg that SYBAC GERMANY was a member of SYBAC FLORIDA and that they would together work to pursue PV projects in Ontario Canada.

h.      On several dates between September 2010 and November 2011, in his conversations with Christian Rautenberg on the telephone, ULRICH FALZ discussed SYBAC FLORIDA's business and made representations to Christian Rautenberg that SYBAC GERMANY was a member of SYBAC FLORIDA.

56.     As for MARKUS FALZ, these representations include the following instances:

a.      On October 28, 2010, in an email response to an email from Christian Rautenberg demanding information about SYBAC FLORIDA, MARKUS FALZ responded that he was compiling the requested information for Christian Rautenberg.  A true and correct copy of this email is attached hereto as Exhibit "10."

b.      On October 30, 2010, in an email to Christian Rautenberg, MARKUS FALZ promised Christian Rautenberg that he would send him the information on SYBAC FLORIDA and the 6th Street Project that Christian Rautenberg had requested.  A true and correct copy of this email is attached hereto as Exhibit "11."

c.      At a meeting in Lakeland, Florida, on February 10 and 11, 2011,

MARKUS FALZ agreed with ULRICH FALZ's statement to Christian Rautenberg that the operating agreement of SYBAC FLORIDA showing that SYBAC GERMANY was a member was being prepared by SYBAC FLORIDA's attorney but the documents were not available because SYBAC FLORIDA's attorney's son had an illness.

d.      On August 9, 2011, in an email to Christian Rautenberg, MARKUS FALZ asked Christian Rautenberg why SYBAC FLORIDA was not listed as SYBAC GERMANY's office or affiliate in the United States. A true and correct copy of this email is attached hereto as Exhibit "12."

e.      On or about May 24, 2011, at a meeting at SYBAC GERMANY's headquarters in Germany MARKUS FALZ told Christian Rautenberg that SYBAC GERMANY was a member of SYBAC FLORIDA and that they would together work to pursue PV projects in Ontario Canada.

f.      On several dates between September 2010 and November 2011, in his conversations with Christian Rautenberg on the telephone, MARKUS FALZ discussed SYBAC FLORIDA's business and made representations to Christian Rautenberg that SYBAC GERMANY was a member of SYBAC FLORIDA.

57.    As for ARTUR MADEJ, these representations include the following instances:

a.      On November 9, 2010, SYBAC GERMANY told ARTUR MADEJ that it wanted Prime Solar, LLC to be an active entity and listed as an official member of SYBAC FLORIDA in internal agreements and on official papers. On November 9, 2010, ARTUR MADEJ responded this would be accomplished "now without paperwork". A true and correct copy of ARTUR MADEJ's response email is

attached hereto as Exhibit "13."

b.      On November 15, 2010, ARTUR MADEJ sent to Christian Rautenberg SYBAC FLORIDA's Profit and Loss statement.  A true and correct copy of the correspondence and the Profit and Loss Statement for SYBAC FLORIDA for 2010 is attached hereto as composite Exhibit "14."

c.      On February 10, 2011, ARTUR MADEJ sent to Christian Rautenberg SYBAC FLORIDA's General Ledger for the years 2009 and 2010.  Included in the General Ledger for 2010 is an entry for "Loan from Shareholder-Prime So" for $40,000.00.  A true and correct copy of this email and the General Ledgers for 2009 and 2010 are attached hereto as composite Exhibit "15."

d.      At a meeting in Lakeland Florida on February 10 and 11, 2011, ARTUR MADEJ agreed with ULRICH FALZ's statement to Christian Rautenberg that the operating agreement of SYBAC FLORIDA showing that SYBAC GERMANY was a member of SYBAC FLORIDA was being prepared by SYBAC FLORIDA's attorney but the documents were not available because SYBAC FLORIDA's attorney's son had an illness.

e.      On October 21, 2011, in an email to Christian Rautenberg, with MARKUS FALZ and ULRICH FALZ copied, ARTUR MADEJ told Christian Rautenberg that "[t]he incorporation of Sybac Photovoltaics is not conducive to a member in good standing within Sybac Solar, LLC."  A true and correct copy of this email is attached hereto as Exhibit "16."

f.      On November 2, 2011, Christian Rautenberg sent an email to ARTUR MADEJ in which he requested "Presentation of shareholders resolution and or

contracts, to assure Sybac Solar GmbH 20% of Sybac Solar LLC ownership."

g.      On November 4, 2011, ARTUR MADEJ responded to Mr. Rautenberg first at 2:35 pm in which he wrote "we look forward to...a speedy resolution that is satisfactory to everyone".

h.      Later in the day on November 4, 2011, ARTUR MADEJ wrote in an email to Christian Rautenberg "[w]e look forward to resolving the outstanding issues." A true and correct copy of Christian Rautenberg's email dated November 21, 2011 and ARTUR MADEJ's email responses dated November 4, 2011are attached hereto as composite Exhibit "17."

58.     In several communications, SYBAC GERMANY demanded documentation from ULRICH FALZ, MARKUS FALZ, and ARTUR MADEJ evidencing SYBAC GERMANY's membership in SYBAC FLORIDA.

59.     When SYBAC GERMANY requested information from SYBAC FLORIDA under SYBAC GERMANY's belief that it owned a membership interest in SYBAC FLORIDA, ULRICH FALZ, MARKUS FALZ and ARTUR MADEJ did not contradict SYBAC GERMANY or its representatives by stating that SYBAC GERMANY was not a member of SYBAC FLORIDA.

### ULRICH FALZ, ARTUR MADEJ, AND MARKUS FALZ REPRESENT TO THIRD PARTIES THAT SYBAC FLORIDA IS AFFILIATED WITH SYBAC GERMANY

60.     The Defendants' representations regarding the affiliation between SYBAC GERMANY and SYBAC FLORIDA were not limited to those made to the Plaintiff. Additionally, the Defendants made representations to third parties that SYBAC FLORIDA and SYBAC GERMANY were affiliated when it served their purpose to do so, namely, to obtain PV

contracts by representing that SYBAC GERMANY (and its sterling reputation) stood behind these projects.

61.     On March 17, 2010, ARTUR MADEJ forwarded a Nondisclosure Agreement to Naveen Khurana, owner of the solar project rights that SYBAC FLORIDA was interest in acquiring.

62.     In ARTUR MADEJ's email message to Naveen Khurana he wrote, "Executives from our parent company in Germany will be here next week and if there is strong interest then obviously we can take this further very quickly." A true and correct copy of this email is attached hereto as Exhibit "18."

63.     In an email dated May 26, 2011, to Steven L. Bissonnette, an employee of DZ Bank AG, in which THOMAS FALZ was copied, ULRICH FALZ told Steven L. Bissonnette that "[a]s a result of the meeting at our headquarters in Germany we can definitely say we will put our focus on large solar parks in Ontario." A true and correct copy of this email is attached hereto as Exhibit "18."

64.     In an email dated September 15, 2011, which copied ARTUR MADEJ, MARKUS FALZ detailed SYBAC GERMANY's and SYBAC FLORIDA's forecasted revenues to Elliot Gnedy, a broker who was attempting to sell the 6th Street Project.

65.     MARKUS FALZ stated to Elliot Gnedy "[p]lease see the attached overview for the revenues of Sybac worldwide. The forecast for this year is round about $450 million. The revenue of Sybac Solar LLC will be around $22 million in 2011."

66.     In an attachment to his email MARKUS FALZ sent to Elliot Gnedy a chart showing SYBAC GERMANY and its subsidiaries and each entity's projected revenues. A true and correct copy of this email and attachment is attached hereto as Exhibit "19."

17

67.     Sometime after June 28, 2012, SYBAC FLORIDA submitted bids to the Long Island Power Authority to obtain rights to build PV systems and participate in the Long Island Power Authority's Feed in Tariff program.

68.     As part of its bid to obtain rights to build PV systems and participate in the Feed-In-Tariff Program, SYBAC FLORIDA submitted a brochure to the Long Island Power Authority in which it represented that SYBAC FLORIDA "is the U.S. Subsidiary of the German solar design and engineering firm, a global leader in innovative solar integration since 1992."

69.     The brochure SYBAC FLORIDA submitted to the Long Island Power Authority contained a total of 16 photographs of solar parks.

70.     14 photographs contained in SYBAC FLORIDA's brochure are photographs of solar projects SYBAC GERMANY designed and built in Germany and France.  A true and correct copy of this brochure is attached hereto as Exhibit "20."

71.     The remaining two photographs were of the 6th Street Plant, which SYBAC FLORIDA had only completed with SYBAC GERMANY's substantial financing and assistance.

## SYBAC FLORIDA OBTAINS A TRADEMARK OF SYBAC GERMANY'S NAME WITHOUT SYBAC GERMANY'S PERMISSION

72.     SYBAC FLORIDA filed an application for the trademark SYBAC SOLAR™ with the United States Patent and Trademark Office ("USPTO") on or about December 3, 2010.

73.     The owner of the SYBAC SOLAR™ trademark appears as SYBAC FLORIDA.

74.     A trademark registration for SYBAC SOLAR™ was issued on July 19, 2011.

75.     SYBAC GERMANY was not informed that SYBAC FLORIDA had applied for a trademark registration of SYBAC GERMANY's trademark in the United States.

76.     SYBAC GERMANY had used the trademark SYBAC™ and SYBAC SOLAR™" in Germany since 2004.

18

77.     SYBAC GERMANY used its logo starting in 2009 at the latest, and through 2011.

78.     SYBAC GERMANY allowed SYBAC FLORIDA to use its trademark in the United States as its authorized representative in the U.S. market.

79.     SYBAC GERMANY never intended to assign any of its rights and title to its trademark SYBAC SOLAR™ in the United States to SYBAC FLORIDA but only to allow it to use its trademark as authorized representative of SYBAC GERMANY in the United States.

80.     Within the specimen submitted to the USPTO, SYBAC FLORIDA submitted the same logo that SYBAC GERMANY used during the years 2009 through 2011.  The specimen was a display of the then-current website for SYBAC FLORIDA showing a statement that Sybac Solar was the U.S. subsidiary of SYBAC GERMANY, one of the largest solar integrators in Central Germany with a proven track record and numerous successful installations.  The specimen also showed a statement indicating that "Due to our relationship with Sybac in Germany we enjoy tremendous buying leverage resulting in best class quality and pricing on all components required for a high quality system with the best warranty."  A true and correct copy of the specimen submitted to the USPTO is attached hereto as part of composite Exhibit "21."

81.     In its application to the USPTO, SYBAC FLORIDA falsely represented that the trademark SYBAC SOLAR™ had only been used in commerce anywhere since October 31, 2009 and that Sybac Solar was the owner of the SYBAC SOLAR™ trademark and that it was not aware of anyone who may have interest in the trademark.  A true and correct copy of SYBAC FLORIDA's trademark application is attached hereto as Exhibit "21."

82.     On January 7, 2013, SYBAC FLORIDA assigned its entire interest and goodwill in the trademark SYBAC SOLAR® to SYBAC AMERICA.  A true and correct copy of this

assignment is attached hereto as Exhibit "21."

## SYBAC GERMANY LEARNS OF THE FRAUDULENT
## MISREPRESENTATIONS FROM SYBAC FLORIDA

83.     Prior to December 27, 2011, ARTUR MADEJ, ULRICH FALZ, MARKUS

FALZ, and THOMAS FALZ never told SYBAC GERMANY it was not a member of SYBAC

FLORIDA.

84.     On December 9, 2011, SYBAC GERMANY in a letter to ARTUR MADEJ,

ULRICH FALZ, MARKUS FALZ, and THOMAS FALZ demanded that it be issued proof of its

membership SYBAC FLORIDA and that it be given access to SYBAC FLORIDA's records.

85.     On December 27, 2011, SYBAC FLORIDA's attorney responded that SYBAC

GERMANY was not a member of SYBAC FLORIDA.  A true and correct copy of SYBAC

FLORIDA's attorney's response letter is attached hereto as Exhibit "23".

86.     December 27, 2011 was the first time SYBAC GERMANY became aware that

ULRICH FALZ, MARKUS FALZ, ARTUR MADEJ, and THOMAS FALZ denied that SYBAC

GERMANY was a member of SYBAC FLORIDA.

87.     After December 2011, SYBAC FLORIDA used SYBAC GERMANY's

reputation and good will to complete PV projects in the United States and has received

substantial revenues from those PV projects.

88.     SYBAC FLORIDA continues to trade under the SYBAC SOLAR® trademark

while denying any interest of SYBAC GERMANY in SYBAC FLORIDA.

## SYBAC FLORIDA'S OPERATING AGREEMENT

89.     In June 2015, SYBAC FLORIDA produced to SYBAC GERMANY its purported

Operating Agreement.  A true and correct copy of the purported Operating Agreement is

attached hereto as Exhibit "24."

90.     The Operating Agreement produced by SYBAC FLORIDA was dated as of November 13, 2009 and was "retroactively effective as of November 13, 2009."

91.     The Operating Agreement only lists ULRICH FALZ, ARTUR MADEJ, THOMAS FALZ, and MARKUS FALZ as members of SYBAC FLORIDA.

92.     ULRICH FALZ, ARTUR MADEJ, THOMAS FALZ, and MARKUS FALZ each signed the Operating Agreement and each signature is not dated.

93.     Since January 2010, THOMAS FALZ has provided money to SYBAC FLORIDA in furtherance of ARTUR MADEJ's, ULRICH FALZ's, and MARKUS FALZ's misrepresentations.

94.     SYBAC GERMANY has hired the law firms of Emmanuel Sheppard and Condon and Fisher Rushmer, PA to represent it in this matter and as such is required to pay its attorneys a reasonable fee for their services.

## COUNT I
## FALSE ADVERTISEMENT

95.     SYBAC GERMANY re-alleges paragraphs 1 through 94 as if fully set forth herein.

96.     This is action is for violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by SYBAC GERMANY against SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ.

97.     SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ misrepresented to SYBAC GERMANY, its representatives and more importantly to third parties in connection with marketing and promotion of goods and services that SYBAC FLORIDA was a subsidiary of SYBAC GERMANY and that SYBAC GERMANY had a membership interest in SYBAC FLORIDA.

21

98.     SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ made these misrepresentations to representatives of SYBAC GERMANY, vendors, suppliers, clients and prospective clients.

99.     SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ made these misrepresentations in Florida and other states in the United States.

100.    SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ represented to third parties that due to its affiliation with SYBAC GERMANY, SYBAC FLORIDA's services were of the highest quality, pricing and best German engineering.

101.    These representations were made by the principals of SYBAC FLORIDA to third parties and through its marketing materials including its website at www.sybacsolar.com.

102.    These representations were false as demonstrated by the declaration of SYBAC FLORIDA's counsel that SYBAC GERMANY has no ownership interest whatsoever in SYBAC FLORIDA.    SYBAC FLORIDA used the experience and accomplishments of SYBAC GERMANY in Europe to promote its services in the United States market taking credit for SYBAC GERMANY's successful history of constructing over 1000 PV installations in Europe.

103.    SYBAC GERMANY relied on the representations made by SYBAC FLORIDA and allowed SYBAC FLORIDA to use its trademark, SYBAC SOLAR, technical information, equipment, personnel and other proprietary information in the United States to promote its business.

104.    SYBAC FLORIDA's use of SYBAC GERMANY's trademark, SYBAC SOLAR, and associated misrepresentations constitute a false designation of origin and/or is a false and misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association, or as to origin, sponsorship, or approval

of SYBAC FLORIDA's services or commercial activities by SYBAC GERMANY.

105.   For the foregoing reasons, the actions of SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ constitute a violation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for false advertising and false description of facts.

106.   SYBAC GERMANY has been damaged and continues to be damaged by the false and misleading advertising, description and representations of facts of SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ.   SYBAC GERMANY is entitled to injunctive relief to prevent further false advertising and to recover damages sustained in consequence of these wrongful acts and to recover SYBAC FLORIDA's profits and SYBAC GERMANY's attorney's fees and costs.   Based upon the circumstances of this case, including the fraudulent misrepresentations, SYBAC GERMANY should be entitled to recover its attorney's fees pursuant to 15 U.S.C. § 1117.

WHEREFORE, SYBAC GERMANY respectfully requests that the Court enter judgment in its favor and against SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ including the following relief:

a)   Order of preliminary and permanent injunction against SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ including their owners, officers, directors, agents, employees and others acting in concert with them either collectively or individually from using false and misleading description of facts regarding the relationship between them, or any of them and SYBAC GERMANY in conjunction with advertising or offering of services, from infringing its trademark SYBAC SOLAR, from promoting services using false and misleading advertising and from in any manner using falsely or misleading advertising, description of facts, infringing or contributing to or participating in

these acts with others and from acting in concert with, aiding and abetting others to commit these acts in any way;

b)      Award of damages against SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ and in favor of SYBAC GERMANY for all damages suffered by SYBAC GERMANY as a result of the false and misleading advertisement and description of facts, as well as profit realized by the unlawful acts of SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, MARKUS FALZ and THOMAS FALZ that is not taken into account in computing compensatory damages;

c)      Award of SYBAC GERMANY's attorney's fees, costs, prejudgment and post-judgment interest, as allowed by the trademark laws of the United States; and

d)      Award of such further relief as this Court deems just and proper.

### COUNT II
### CANCELLATION OF TRADEMARK REGISTRATION UNDER
### SECTION 14 OF THE LANHAM ACT, 15 U.S.C. § 1064

108.    SYBAC GERMANY re-alleges paragraphs 1 through 94 as if fully set forth herein.

109.    This is action to cancel a trademark registration which was acquired by fraudulent misrepresentations against SYBAC FLORIDA and SYBAC AMERICA under Section 14, 15. U.S.C. § 1064.

110.    SYBAC FLORIDA owns a U.S. trademark registration for SYBAC SOLAR®, Registration Number 3997170, issued on July 19, 2011.  Attached hereto and incorporated herein as Exhibit "25" is a true and correct copy of the certificate of trademark registration for the mark SYBAC SOLAR issued by the USPTO to SYBAC FLORIDA.

111.    On or about January 7, 2013, SYBAC FLORIDA assigned its rights to the U.S.

trademark registration of SYBAC SOLAR® to SYBAC AMERICA.

112.    SYBAC SOLAR® is registered with the USPTO under Class 037 for installation and maintenance of solar photovoltaic systems for residential and commercial use, and under class 042 for design of PV systems, quality evaluation for others in the field of maintenance and technical planning of PV installations.

113.    SYBAC GERMANY has used and owned the SYBAC SOLAR mark as early as 2004 in Germany and throughout Europe. SYBAC GERMANY allowed SYBAC FLORIDA to use its business name and trademark in the United States under the misrepresentation that SYBAC FLORIDA was a subsidiary of SYBAC GERMANY acting solely as SYBAC GERMANY's representation in the United States and that SYBAC GERMANY had an ownership interest in SYBAC FLORIDA.

114.    SYBAC GERMANY was not aware that SYBAC FLORIDA had registered the SYBAC SOLAR trademark in the United States.

115.    SYBAC FLORIDA never communicated its intention to file a trademark application to SYBAC GERMANY and did not notify SYBAC GERMANY when the trademark registration was issued in 2011.

116.    The declaration under the trademark application that SYBAC FLORIDA is the owner of the SYBAC SOLAR trademark and that it does not know of any other entity with an interest in the proposed mark was false. SYBAC FLORIDA knew that the trademark SYBAC SOLAR was owned by SYBAC GERMANY and that SYBAC FLORIDA had authority to use the trademark in the United States only because of its false representation to SYBAC GERMANY that SYBAC GERMANY was part owner of SYBAC FLORIDA and that SYBAC FLORIDA acted solely as SYBAC GERMANY's representation in the United States.

117. SYBAC FLORIDA's fraudulent misrepresentations at the time of the trademark application constitute a violation of § 14 of the Lanham Act, 15 U.S.C. § 1064 and as a result, the trademark registration for SYBAC SOLAR®, Registration Number 3997170, should be cancelled, or alternatively, assigned to SYBAC GERMANY.

118. SYBAC GERMANY's reputation and goodwill has been damaged and continues to be damaged by SYBAC FLORIDA's unauthorized use of its trademark in the United States and by the fraudulent registration of its mark in the United States.

WHEREFORE SYBAC GERMANY respectfully petitions this Court cancel the trademark registration for the mark SYBAC SOLAR issued to SYBAC FLORIDA or alternatively, assign all rights, title and interest in, to and under the trademark registration to SYBAC GERMANY and to award costs and any further relief the Court deems just and proper.

## COUNT III
## SYBAC FLORIDA'S VIOLATION OF SECTION 38 OF THE LANHAM ACT, 15 U.S.C. § 1120

119. SYBAC GERMANY re-alleges paragraphs 1 through 94 as if fully set forth herein.

120. This is an action for violation of Section 38 of the Lanham Act, 15 U.S.C. § 1120 against SYBAC FLORIDA.

121. SYBAC FLORIDA procured the trademark registration of the mark SYBAC SOLAR, Registration Number 3997170 using false representations that SYBAC FLORIDA owned the rights, title and interest in the mark. Sybac Solar knew that the mark belonged to SYBAC GERMANY and that SYBAC GERMANY had authorized to use its mark based on the false representation that SYBAC GERMANY was part owner of SYBAC FLORIDA.

WHEREFORE, as a result of SYBAC FLORIDA's wrongful acts, SYBAC GERMANY

has suffered damages and continues to suffer damages. SYBAC FLORIDA is entitled to recover damages sustained in consequence of SYBAC FLORIDA's wrongful acts and to recover SYBAC FLORIDA's profits and SYBAC GERMANY's attorney's fees and costs. Based upon the circumstances of this case, including the fraudulent misrepresentations, SYBAC GERMANY should be entitled to recover its attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT IV
### FRAUD AGAINST SYBAC FLORIDA, ARTUR MADEJ, ULRICH FALZ, AND MARKUS FALZ

121.   SYBAC GERMANY reincorporates paragraphs 1-94 as if fully stated herein.

122.   ULRICH FALZ several times falsely represented to SYBAC GERMANY the material fact that SYBAC GERMANY was a member of SYBAC FLORIDA.

123.   At each time ULRICH FALZ made each false representation, he knew or should have known that the representation was false and that SYBAC GERMANY was not a member of SYBAC FLORIDA.

124.   When he made each false statement ULRICH FALZ intended SYBAC GERMANY to rely on his misrepresentations and for SYBAC GERMANY act upon these misrepresentations, particularly to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

125.   SYBAC GERMANY relied upon ULRICH FALZ's false representations in contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

126.   SYBAC GERMANY would not have contributed its trademark and associated good will, reputation, technical knowledge, money, employee support, and PV project

management to SYBAC FLORIDA without ULRICH FALZ's false representation of material fact.

127.   SYBAC GERMANY has been damaged by acting in reliance on ULRICH FALZ's misrepresentations that it is a member of SYBAC FLORIDA.

128.   MARKUS FALZ several times falsely represented to SYBAC GERMANY the material fact that SYBAC GERMANY was a member of SYBAC FLORIDA.

129.   When MARKUS FALZ made each false representation, he knew or should have known that his representations were false and that SYBAC GERMANY was not a member of SYBAC FLORIDA.

130.   In making these false statements MARKUS FALZ intended SYBAC GERMANY to rely on his misrepresentations and act upon his misrepresentations, particularly he intended for SYBAC GERMANY to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

131.   SYBAC GERMANY relied upon MARKUS FALZ's false representations in contributing its good will, reputation, technical knowledge, supplier relationships, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

132.   SYBAC GERMANY would not have contributed its trademark and associated good will, reputation, technical knowledge, money, employee support, PV project management and other proprietary information to SYBAC FLORIDA without MARKUS FALZ's false representation of material fact.

133.   SYBAC GERMANY has been damaged by acting in reliance on MARKUS FALZ's misrepresentations that it is a member of SYBAC FLORIDA.

134.   ARTUR MADEJ falsely represented to SYBAC GERMANY several times the

28

material fact that SYBAC GERMANY was a member of SYBAC FLORIDA.

135.   When ARTUR MADEJ made each false representation, he knew or should have known that these representations were false and that SYBAC GERMANY was not a member of SYBAC FLORIDA.

136.   In making these false statements ARTUR MADEJ intended SYBAC GERMANY to rely on his misrepresentations and act upon his misrepresentations, to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

137.   SYBAC GERMANY relied upon ARTUR MADEJ's false representations in contributing its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

138.   SYBAC GERMANY would not have contributed its trademark and associated good will, reputation, technical knowledge, supplier relationships, money, employee support, management, and other proprietary information to SYBAC FLORIDA without ARTUR MADEJ's false representation of material fact.

139.   SYBAC GERMANY has been damaged by acting in reliance on ARTUR MADEJ's misrepresentations that it is a member of SYBAC FLORIDA.

140.   ULRICH FALZ, MARKUS FALZ, and ARTUR MADEJ have been the managers of SYBAC FLORIDA since November 13, 2009.

141.   SYBAC FLORIDA's managers each falsely represented to SYBAC GERMANY the material fact that SYBAC GERMANY was a member of SYBAC FLORIDA.

142.   At each time SYBAC FLORIDA's managers made each false representation they knew or should have known that these representations were false.

143. In making these false statements SYBAC FLORIDA 's managers intended SYBAC GERMANY to rely on these statements and act upon these statements, particularly SYBAC FLORIDA's managers intended for SYBAC GERMANY to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

144. SYBAC GERMANY relied upon SYBAC FLORIDA's false representations in contributing its good will, reputation, technical knowledge, supplier relationships, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

145. SYBAC GERMANY would not have contributed its trademark and associated good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA without SYBAC FLORIDA's false representation of material fact.

146. SYBAC GERMANY has been damaged by acting in reliance on SYBAC FLORIDA's members' misrepresentations that it is a member of SYBAC FLORIDA.

WHEREFORE Plaintiff SYBAC SOLAR GMBH A/K/A SYBAC SOLAR, GMBH, CO. demands that a judgment be entered against Defendants SYBAC SOLAR, LLC, ULRICH FALZ, MARKUS FALZ, and ARTUR MADEJ for all damages suffered by Plaintiff, together with any such relief as this Court deems just and proper.

## COUNT V
### FRAUDULENT CONCEALMENT AGAINST ARTUR MADEJ, MARKUS FALZ, ULRICH FALZ, AND SYBAC SOLAR LLC

147. SYBAC GERMANY reincorporates paragraphs 1-94 as if fully stated herein.

148. ULRICH FALZ concealed or failed to disclose the material fact to SYBAC GERMANY that SYBAC GERMANY was not a member of SYBAC FLORIDA.

149.   ULRICH FALZ knew or should have known that the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA should have been disclosed to SYBAC GERMANY.

150.   ULRICH FALZ acted in bad faith in not disclosing to or concealing from SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

151.   ULRICH FALZ knew his concealment of material fact or failure to disclose the material fact would induce SYBAC GERMANY to act, particularly to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

152.   ULRICH FALZ had a duty to disclose the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA to SYBAC GERMANY.

153.   SYBAC GERMANY detrimentally relied upon ULRICH FALZ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

154.   SYBAC GERMANY would not have to contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA absent ULRICH FALZ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

155.   SYBAC GERMANY has suffered damages as a result of ULRICH FALZ's concealment or failure to disclose the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

156.   MARKUS FALZ concealed from or failed to disclose to SYBAC GERMANY the

31

material fact to SYBAC GERMANY that SYBAC GERMANY was not a member of SYBAC FLORIDA.

157.    MARKUS FALZ knew or should have known that that the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA should have been disclosed to SYBAC GERMANY.

158.    MARKUS FALZ acted in bad faith in not disclosing to or concealing from SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

159.    MARKUS FALZ knew his concealment of material fact or failure to disclose the material fact would induce SYBAC GERMANY to act, particularly to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

160.    MARKUS FALZ had a duty to disclose to SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA to SYBAC GERMANY.

161.    SYBAC GERMANY detrimentally relied upon MARKUS FALZ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

162.    SYBAC GERMANY would not have contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA absent MARKUS FALZ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

163.    SYBAC GERMANY has suffered damages as a result of MARKUS FALZ's concealment or failure to disclose the material fact that SYBAC GERMANY was not a member

of SYBAC FLORIDA.

164.    ARTUR MADEJ concealed from or failed to disclose to SYBAC GERMANY the material fact to SYBAC GERMANY that SYBAC GERMANY was not a member of SYBAC FLORIDA.

165.    ARTUR MADEJ knew or should have known that that the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA should have been disclosed to SYBAC GERMANY.

166.    ARTUR MADEJ acted in bad faith in not disclosing to or concealing from SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

167.    ARTUR MADEJ knew his concealment of material fact or failure to disclose the material fact would induce SYBAC GERMANY to act, particularly to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

168.    ARTUR MADEJ had a duty to disclose to SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA to SYBAC GERMANY.

169.    SYBAC GERMANY detrimentally relied upon ARTUR MADEJ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

170.    SYBAC GERMANY would not have contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA absent ARTUR MADEJ's nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

171.   SYBAC GERMANY has suffered damages as a result of ARTUR MADEJ's concealment or failure to disclose the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

172.   ULRICH FALZ, MARKUS FALZ, and ARTUR MADEJ are managers of SYBAC FLORIDA.

173.   SYBAC FLORIDA's managers each concealed from or intentionally failed to disclose to SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

174.   SYBAC FLORIDA's managers knew or should have known that that the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA should have been disclosed to SYBAC GERMANY.

175.   SYBAC FLORIDA's managers acted in bad faith in not disclosing to or concealing from SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

176.   SYBAC FLORIDA's managers knew their concealment of material fact or failure to disclose the material fact would induce SYBAC GERMANY to act, particularly to contribute its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA.

177.   SYBAC FLORIDA's managers had a duty to disclose to SYBAC GERMANY the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA to SYBAC GERMANY.

178.   SYBAC GERMANY detrimentally relied upon SYBAC FLORIDA's managers' nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member

of SYBAC FLORIDA.

179.   SYBAC GERMANY would not have contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to SYBAC FLORIDA absent SYBAC FLORIDA's managers' nondisclosure or concealment of the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

180.   SYBAC GERMANY has suffered damages as a result of SYBAC FLORIDA's managers' concealment or failure to disclose the material fact that SYBAC GERMANY was not a member of SYBAC FLORIDA.

WHEREFORE Plaintiff SYBAC SOLAR GMBH A/K/A SYBAC SOLAR, GMBH, CO. demands that a judgment be entered against Defendants ULRICH FALZ, MARKUS FALZ, ARTUR MADEJ, and SYBAC SOLAR, LLC for all damages suffered by Plaintiff, together with any such relief as this Court deems just and proper.

## COUNT VI
### UNJUST ENRICHMENT AGAINST ULRICH FALZ, MARKUS FALZ, THOMAS FALZ, ARTUR MADEJ, AND SYBAC SOLAR, LLC

181.   SYBAC GERMANY realleges paragraphs 1-94 as if fully stated herein.

182.   SYBAC GERMANY conferred a benefit on ULRICH FALZ in that it contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to him.

183.   ULRICH FALZ had knowledge of the benefits SYBAC GERMANY conferred on him and accepted and retained the benefits conferred.

184.   The circumstances are such that it would be inequitable for ULRICH FALZ to retain the benefit conferred on him by SYBAC GERMANY unless ULRICH FALZ pays SYBAC GERMANY the value of those benefits.

185.   ULRICH  FALZ  has  been  unjustly  enriched  at  the  expense  of  SYBAC GERMANY.

186.   As a result of the conferral of benefits on ULRICH FALZ, SYBAC GERMANY has been damaged in an amount to be proven at trial.

187.   SYBAC  GERMANY  conferred  a  benefit  on  MARKUS  FALZ  in  that  it contributed  its  good  will,  reputation,  technical  knowledge,  money,  employee  support, management, and other proprietary information to him.

188.   MARKUS FALZ had knowledge of the benefits conferred on him by SYBAC GERMANY and accepted and retained the benefits SYBAC GERMANY conferred on him.

189.   The circumstances are such that it would be inequitable for MARKUS FALZ to retain the benefit conferred on him by SYBAC GERMANY unless MARKUS FALZ pays SYBAC GERMANY the value of those benefits.

190.   MARKUS  FALZ  has  been  unjustly  enriched  at  the  expense  of  SYBAC GERMANY.

191.   As a result of the conferral of benefits on MARKUS FALZ, SYBAC GERMANY has been damaged in an amount to be proven at trial.

192.   SYBAC  GERMANY  conferred  a  benefit  on  THOMAS  FALZ  in  that  it contributed  its  good  will,  reputation,  technical  knowledge,  money,  employee  support, management, and other proprietary information to him.

193.   THOMAS FALZ had knowledge of the benefits conferred on him by SYBAC GERMANY and accepted and retained the benefits conferred by SYBAC GERMANY on him.

194.   The circumstances are such that it would be inequitable for THOMAS FALZ to retain the benefit conferred on him by SYBAC GERMANY unless THOMAS FALZ pays

SYBAC GERMANY the value of those benefits.

195.    THOMAS FALZ has been unjustly enriched at the expense of SYBAC GERMANY.

196.    As a result of the conferral of benefits on THOMAS FALZ, SYBAC GERMANY has been damaged in an amount to be proven at trial.

197.    SYBAC GERMANY conferred a benefit on ARTUR MADEJ in that it contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to him.

198.    ARTUR MADEJ had knowledge of the benefits conferred on him by SYBAC GERMANY and accepted and retained the benefits SYBAC GERMANY conferred on him.

199.    The circumstances are such that it would be inequitable for ARTUR MADEJ to retain the benefit conferred on him by SYBAC GERMANY unless ARTUR MADEJ pays SYBAC GERMANY the value of those benefits.

200.    ARTUR MADEJ has been unjustly enriched at the expense of SYBAC GERMANY.

201.    As a result of the conferral of benefits on ARTUR MADEJ, SYBAC GERMANY has been damaged in an amount to be proven at trial.

202.    SYBAC GERMANY conferred a benefit on SYBAC FLORIDA in that it contributed its good will, reputation, technical knowledge, money, employee support, management, and other proprietary information to it.

203.    SYBAC FLORIDA had knowledge of the benefits conferred on it by SYBAC GERMANY and accepted and retained the benefits SYBAC GERMANY conferred on it.

204.    The circumstances are such that it would be inequitable for SYBAC FLORIDA to

retain the benefit conferred on him by SYBAC GERMANY unless SYBAC FLORIDA pays SYBAC GERMANY the value of those benefits.

205. SYBAC FLORIDA has been unjustly enriched at the expense of SYBAC GERMANY.

206. As a result of the conferral of benefits on SYBAC FLORIDA, SYBAC GERMANY has been damaged in an amount to be proven at trial.

WHEREFORE Plaintiff SYBAC SOLAR GMBH A/K/A SYBAC SOLAR, GMBH, CO. demands that a judgment be entered against Defendants SYBAC SOLAR, LLC, ULRICH FALZ, MARKUS FALZ, THOMAS FALZ, and ARTUR MADEJ for all damages suffered by Plaintiff, together with any such relief as this Court deems just and proper.

## COUNT VII
## CONSPIRACY AGAINST ARTUR MADEJ, MARKUS FALZ, ULRICH FALZ, AND THOMAS FALZ

207. SYBAC GERMANY re-alleges paragraphs 1-94 as if fully stated herein.

208. ULRICH FALZ, THOMAS FALZ, MARKUS FALZ, and ARTUR MADEJ conspired together to commit the unlawful acts of fraud, fraudulent concealment, and false advertising against SYBAC GERMANY.

209. ULRICH FALZ committed overt acts, which include but are not limited to the acts described in Paragraphs 13, 18, 19, 21, 23, 24, 36, 39, 44, 53, and 62, in pursuance of the conspiracy.

210. MARKUS FALZ committed overt acts, which include, but are not limited to, the acts described in Paragraph 23, 24, 32, 40, 44, 53, and 62, in pursuance of the conspiracy.

211. ARTUR MADEJ committed overt acts, which include, but are not limited to, the acts described in Paragraphs 23, 24, 32, 41, 44, 53, and 62, in pursuance of the conspiracy.

212.    THOMAS FALZ committed overt acts, which include, but are not limited to, the acts described in Paragraphs 18, 19, 21, 23, 24, 32, 53, 63, in pursuance of the conspiracy.

213.    SYBAC GERMANY has been damaged as a result of ULRICH FALZ's, MARKUS FALZ's, ARTUR MADEJ's, and THOMAS FALZ's unlawful acts committed in pursuance of their conspiracy.

214.    As a result of ULRICH FALZ's, MARKUS FALZ's, ARTUR MADEJ's, and THOMAS FALZ's unlawful acts, SYBAC GERMANY's reputation has been damaged, it has lost the value of profits it was entitled to from SYBAC FLORIDA, it has lost the value of proprietary information it transferred to SYBAC FLORIDA, and it has lost the value of equipment given to SYBAC FLORIDA.

WHEREFORE Plaintiff SYBAC SOLAR, GMBH A/K/A SYBAC SOLAR, GMBH, CO. hereby demands that a judgment be entered against Defendants ULRICH FALZ, MARKUS FALZ, THOMAS FALZ, and ARTUR MADEJ for civil conspiracy, for damages, and for such further relief as this Court deems just and proper.

Dated: December 23, 2015

Respectfully submitted,

FISHER RUSHMER, P.A.

J. Brock McClane
Florida Bar Number: 777307
Penelope B. Perez-Kelly
Florida Bar Number: 388106
Andrew C. Hill
Florida Bar Number: 046755
Primary: bmcclane@fisherlawfirm.com
Primary: pperezkelly@fisherlawfirm.com
Primary: ahill@fisherlawfirm.com
Secondary: dkallas@fisherlawfirm.com
390 N. Orange Avenue, Suite 2200

Post Office Box 3753
Orlando, Florida 32801
Tel:    407.843.2111
Fax:    407.422.1080
*Attorneys for Sybac Solar, GmbH*